UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 17-cv-00607-TSH<br><br>**ORDER RE: MOTION TO RE-OPEN DISCOVERY**<br><br>Re: Dkt. No. 77 |

## I. INTRODUCTION

Plaintiff Morris Green was a Junior Engineer with Defendant City and County of San Francisco's Public Utilities Commission (the "City") until his medical separation in February of 2018. Green filed the present lawsuit on February 6, 2017, alleging racial discrimination, retaliation, harassment, and a failure by the City to provide for his medical accommodation requests. Green filed this case pro se, but the Court appointed counsel on April 17, 2018, after the Federal Pro Bono Project was able to locate counsel to represent him. The original fact discovery cut off was February 20, 2018. Since that date, there have been several extensions. Green now moves to reopen discovery. ECF No. 77.

## II. BACKGROUND

### A. Procedural Background

According to the Case Management Order for this case, discovery was initially set to conclude on February 20, 2018. Case Mgmt. Scheduling Order, ECF No. 27. However, on February 15, 2018, the City requested the fact discovery cut-off be extended by four months. Mot. to Change Deadlines at 2, ECF No. 42. Green opposed the motion for a variety of reasons, including that prolonging the litigation – when he did not have representation and was unemployed due to being terminated by the City – "would place a tremendous toil on the Plaintiff's overall mental, emotional and physical health including his finances." Opp'n to Mot. to

1 Change Deadlines, ECF No. 45 at 2. The Court found the City had not established good cause for modifying pre-trial deadlines and directed the City to file a declaration establishing good cause for its request. Order re: Mot. to Change Deadlines at 2, ECF No. 46.

On March 12, 2018, after the City filed its declaration – arguing that the Green's failure to provide his medical records and agree to a Protective Order caused a delay — the Court "found that, by and large, Defendant had not been diligent and had not shown good cause to extend pretrial deadlines." Order re: Discovery Deadlines, ECF No. 53 at 1. Despite that, the Court partially granted the City's request to modify the pre-trial deadlines but directed the City to review its discovery responses in good faith and to determine whether any of them should be supplemented. *Id.* The Court, taking into account that Green had complied with all discovery obligations and met all deadlines, gave him additional time to review the City's responses and to seek assistance from the Court, if necessary, in order to compel further responses from the City. *Id.* at 2. The following day, the Court referred Green to the Federal Pro Bono Project to determine if counsel could be located to assist him in this matter. ECF No. 54. On April 17, 2018, after the Pro Bono Project located counsel for Green, the Court appointed counsel to assist him with discovery and any settlement conference that might take place. ECF No. 57.

Two months later, the Court granted the parties' stipulation to extend the discovery deadline an additional 30 days to conduct a meet and confer conference pursuant to the Court's March 12, 2018 discovery order. ECF No. 59. Soon after, the Court granted the parties' stipulation to extend the deadline to file discovery disputes from July 23, 2018, to August 2, 2018. ECF No. 63. The Court also set a Case Management Conference for August 9, 2018 and ordered the parties to file an updated joint statement seven days prior. ECF No. 60.

On August 2, 2018, the parties filed a Joint Case Management Statement, in which Green indicated he had outstanding discovery disputes. ECF No. 64. Specifically, Green noted in his statement that he was considering a motion to compel in regards to ongoing discovery disputes with the City "for their inability or unwilling[ness] to 'provide substantive responses' and documentation to the Plaintiff's discovery requests . . ." and for producing more than 8100 pages of new documents in "mid April 2018" which was "passed the discovery cut-off deadline." *Id.* at

2

5.

In response, the Court vacated the August 9, 2018 Case Management Conference and upcoming pretrial and trial dates pending resolution of all outstanding discovery disputes. ECF Nos. 65, 66. Later that day, the parties filed seven joint letter briefs, detailing their ongoing discovery disputes. ECF No. 67. On August 6, 2018, the Court ordered the parties to meet and confer in person at the courthouse to resolve their disputes, after which the parties were to submit an updated joint letter brief, as well as a joint proposal for a new discovery deadline. ECF No. 69. On August 24, 2018 the parties filed an updated joint letter brief. In it Green requested permission to take additional discovery, his request in that letter mirroring his request in the current pending motion. ECF No. 70.

The Court held a status conference on September 20, 2018. ECF No. 73. At the hearing the City opposed reopening discovery. Also at the hearing, Green noted that he was waiting for a Right to Sue letter from the Department of Justice and that once he received it, he would be seeking to amend his complaint. The City agreed that additional discovery would be appropriate if an amended complaint was filed but only as to new claims. Initially, based on oral argument, the Court denied Green's request to reopen discovery but noted that he would be allowed to conduct discovery as to any new claims in the amended complaint. ECF No. 74.

On November 15, 2018 Green filed a status report stating he had received his Right to Sue letter and that an amended complaint would be forthcoming. ECF No. 82. Upon Green's counsel refiling the request to reopen discovery and further briefing the issue, the Court has reconsidered and **GRANTS** Green's Motion to Reopen Discovery.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.; see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000).

Where the moving party has not been diligent, the inquiry ends, and the motion should be denied. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 975 F.2d at 609.

## IV. DISCUSSION

In the instant case, the Court is persuaded that Green has established good cause to reopen discovery. There is no indication that Green — who until April 17, 2018 was acting pro se — has been dilatory in conducting discovery. Despite the City's arguments to the contrary, the Court finds that Green navigated the discovery process diligently. He timely served the City with RFPs, Special Interrogatories, and Requests for Admission. Decl. of Emily A. Weirder at 1-2, ECF No. 77-1.

During the discovery period, despite his efforts, Green was not always successful in getting the City to be completely responsive in its filings. "In many circumstances, a pro se litigant's good faith unsuccessful efforts to obtain discovery meet the standard of good cause." *Lawrence v. City and County of San Francisco*, 2016 WL 3254232, *3 (N.D. Cal. June 14, 2016) (citing *Henderson v. Peterson*, 2011 WL 441206, at *2 (N.D. Cal. Feb. 3, 2011)) (finding good cause after counsel's appointment where "Plaintiff's pro se status" demonstrated "that he was unable to gain access to evidence and information that he might otherwise have obtained had he been represented by counsel"). His lack of success is evidenced by the fact that in March of 2018, upon the direction of the Court to review its previous filings in good faith and make any necessary amendments, the City served amended responses to supplement its previous responses to Green's Interrogatories and Requests for Admission and made an additional document production. Defendant's Status report, ECF No. 56 at 2; Decl. of Joseph M. Lake Ex. D, ECF No. 79-4 at 2-3. This was over a month after the original fact discovery cut off.

In fact, Magistrate Judge Maria-Elena James[1] noted in the Court's March Order granting the City's first request to extend discovery that Green, "who is representing himself in this action . . . has complied with his discovery obligations and met all deadlines," whereas the City was

---

[1] Magistrate Judge James retired on August 31, 2018, after which this case was reassigned to the undersigned. ECF No. 71.

4

admonished for not being diligent and not having shown good cause for requesting pretrial deadlines be extended. Order Re: Discovery Deadlines at 2.

Regardless, in the interests of justice and in order to resolve the case on the merits, when the City requested an extension, the Court granted it. In the months that followed, the Court granted multiple extensions, for both parties, including the following: 1) allowing the City to depose Green five months after discovery cut off; 2) granting Green an additional 30 days to review the City's discovery responses after discovery cut off, ECF No. 53; 3) extending the already previously extended deadlines in its March 12, 2018 Order by an additional 30 days, ECF No. 59; 4) extending the deadline to file Joint Letter Briefs regarding discovery disputes to August 2, 2018, ECF No. 63; and 5) extending the dispositive motions deadline to allow parties time to resolve their discovery disputes ECF No. 69. Since Green was appointed counsel, extensions have been a necessary vehicle for allowing his counsel to get up to speed.

The Court finds that the additional information Green's counsel now seeks to obtain is relevant and proportional in accordance with Federal Rule of Civil Procedure 26(b)(1), and the information sought will aid in trial preparation and in the resolution of this case on the merits. Specifically, Green proposes to reopen discovery to conduct the following:

- He proposes conducting a deposition of the City's Person Most Knowledgeable on topics including, but not limited to, Green's transfer to the Collection Systems Division; the City's policy and practices regarding reasonable accommodation requests and requests for transfer; Green's reasonable accommodation requests and requests for transfer; and training and development opportunities provided to Green and Junior Engineers within Wastewater Enterprise. Green intends to conduct this deposition within 60 days of service of the second set of written discovery.

- Green intends to conduct no more than three depositions of individuals involved in his transfer to the Collections Systems Division and/or the City's decision to deny his reasonable accommodation request. He intends to conduct this deposition within 60 days of service of the second set of written discovery.

- Green seeks to serve one limited second set of Requests for Admission, Requests for Production of Documents, and Special Interrogatories. He seeks to serve this set of written discovery within one week of the Court's Order granting his request to re-open discovery.

1 Mot. to Reopen Discovery at 2.

2 The City will not be inappropriately prejudiced by a reopening of discovery. There is no pretrial conference or trial date currently set in this matter, so those dates will not be impacted by the reopening of discovery. *Calloway v. Scribner*, No. 1:05-CV-01284-BAM PC, 2014 WL 1317608, at *4 (E.D. Cal. Mar. 27, 2014) (finding that defendants would not be prejudiced by the reopening of discovery where a trial date had not been set and defendants would "be afforded sufficient time to respond to any permitted discovery"). Also, "any prejudice suffered by Defendant in this regard is substantially outweighed by Plaintiff's need to engage in discovery to adequately prepare for trial." *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1-2 (N.D. Cal. June 11, 2012) (reopening discovery after the appointment of pro bono counsel).

Finally, since Green has indicated that he will be filing an amended complaint now that he has received a Right to Sue letter from the Department of Justice, discovery will have to reopen anyway as to the new claims.

## V. CONCLUSION

Green's motion to reopen discovery is **GRANTED**. He may take the additional discovery proposed in his motion and described above in this order. Fact discovery on Green's existing claims shall close on March 29, 2019. If Green files an amended complaint the Court will address at that time reopening discovery as to any new claims.

**IT IS SO ORDERED.**

Dated: November 27, 2018

THOMAS S. HIXSON
United States Magistrate Judge