UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS GREEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00607-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 85 |

## I.　INTRODUCTION

Plaintiff Morris Green was a Junior Engineer with Defendant City and County of San Francisco's Public Utilities Commission (the "City") until his medical separation in February of 2018. Green filed the present lawsuit on February 6, 2017, alleging racial discrimination, retaliation, harassment, and a failure by the City to provide for his medical accommodation requests. Green now moves for leave to file a First Amended Complaint. ECF No. 85. The City filed an Opposition (ECF No. 86), and Green filed a Reply (ECF No. 87). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for the following reasons.

## II.　BACKGROUND

On September 20, 2018 the Court held a hearing in which Green stated that he was waiting on a right to sue letter from the U.S. Department of Justice pertaining to his wrongful termination of employment by the City. ECF No. 73. Once he received that letter, Green intended to amend his complaint. *Id.* The Court explained that because the deadline to seek leave to amend pleadings had passed on November 27, 2017 (as set out in the Case Management Scheduling Order, ECF No. 27), the amendments should be confined to the right to sue letter unless Green

could demonstrate good cause under Federal Rule of Civil Procedure 16.

On November 16, 2018 Green filed a status report stating that he had received his right to sue letter. Status Report, ECF No. 82 at 1. He stated that he was currently in the process of amending his complaint "to include his termination of employment and medical separation date of February 8, 2018, denials of other city employment opportunities that I (the Plaintiff) applied to, continued harassment and retaliation, failure to accommodate Plaintiff's reasonable accommodation and transfer requests while on medical leave, and other claims." *Id.*

On January 10, 2019 Green filed a motion seeking to amend his complaint. Mot. Seeking Leave to Amend Compl. ("Mot."), ECF No. 85. Attached to the motion is his right to sue letter. ECF No. 85-1. It states that the Equal Employment Opportunity Commission determined it would not be able to investigate and complete its evaluation of the filed grievance within 180 days of the date the Commission assumed jurisdiction over the case and that the Department of Justice also would not be filing any lawsuit based on the charges by Green within that time. *Id.* at 1. Because of the letter, Green was granted the right to institute a civil action against the City and County of San Francisco under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and Title V, Section 503 of the Act, 32 U.S.C. 12203. The underlying charge of the right to sue letter was Green's alleged wrongful termination. Mot. at 2.

Green now seeks to amend his complaint in several ways: (1) As to every claim, he seeks to add allegations concerning harassment from November 2017 to February 2018 and his wrongful termination in February 2018; (2) as to every claim,[1] he seeks to add California's Fair Employment and Housing Act ("FEHA") as a basis for liability, in addition to the federal law bases; (3) he seeks to add Tuamelie "Tommy" Moala, Brian Henderson and Kent Eickman as new named defendants; (4) as to his disability claims, he seeks to add eye, neck, and back strain as components his disability. As in the original complaint, Green continues to name the City, the SF Public Utilities Commission ("SFPUC"), the SFPUC EO Programs/Human Resources Services,

---

[1] Technically, his second claim for relief in the proposed amended complaint does not mention FEHA, but Green is pro se, and since all of his other claims in the proposed amended complaint mention FEHA, it is clear he also intended to include it in his second claim for relief.

2

the City's Workers' Compensation Division,[2] Douglas J. Lipps, and Lewis Harrison as defendants.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b) and, second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

To determine if good cause exists under Rule 16, courts generally consider the diligence of the party seeking the modification. *Id.* at 609; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order, but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015); *Johnson*, 975 F.2d at 608. The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted).

---

[2] For purpose of this order, the Court does not distinguish between the entity defendants and instead refers to them all collectively as the City.

## IV. DISCUSSION

### A. Good Cause Under Rule 16

#### 1. Allegations Pertaining to Conduct Between November 2017 and February 2018

Green has good cause to amend his complaint to add allegations concerning conduct from November 2017 to February 2018. First, his employment was not terminated until February 2018, so obviously he could not have amended his complaint by the November 27, 2017 deadline to allege events that had not yet taken place. Technically, he could have alleged at least the first 26 days of harassment in November 2017 before the November 27 deadline to amend, but that would have demanded that he draft an amended complaint and write a motion for leave instantly as a new round of alleged harassment was unfolding, which is an unreasonable burden to hold a plaintiff to. Besides, he couldn't have known by November 27 that the result of the new alleged conduct was that he was going to be fired.

Second, Green did not receive his right to sue letter concerning his termination until October 2018. *See Alberti v. City & County of S.F. Sheriff's Dept.,* 32 F. Supp. 2d 1164, 1174 (N.D. Cal. 1998) ("before filing a civil suit under Title I, plaintiffs are first required to file an administrative complaint with the EEOC"), *disagreed with on other grounds by Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1175 (9th Cir. 1999). Green could not have amended the complaint by November 27, 2017 to add a challenge to his termination because he did not receive the right to sue letter until the following year.[3]

#### 2. FEHA Liability

Green proposes to add FEHA as a basis for liability for all his claims, both for conduct before November 2017 (i.e., the conduct alleged in the original complaint) and for conduct in November 2017 to February 2018. The City opposes adding FEHA as a basis for liability for the old conduct, arguing that "[t]he City has been litigating this matter for two years under Title VII and the ADA." Opp. at 4. "[A]llowing these new causes of action to proceed would force the

---

[3] On its face, the letter refers only to the ADA. The Court expresses no view on whether there may be an exhaustion problem with respect to Green's inclusion of his termination in his first claim for relief for race discrimination.

4

City to defend itself by conducting discovery and investigation of new claims based on old allegations two years after the start of the litigation." *Id*. The City's opposition brief does not specifically object to Green including FEHA as a basis for liability for his new allegations for conduct in November 2017 to February 2018. At the hearing, the City stated that it has no such objection.

There is no good cause for Green to add FEHA as a basis for liability for conduct that was alleged in the original complaint. He could have included FEHA as a basis for liability all along and could certainly have added it by the November 27, 2017 deadline for leave to amend. With respect to the old conduct, Green has not shown that "he acted with diligence in complying with the case management order's deadlines and in seeking leave to amend." *Johnson,* 975 F.2d at 609.

By contrast, Green has shown good cause to assert FEHA liability based on conduct that took place November 2017 to February 2018, for the reasons discussed in the first paragraph of the preceding section of this order. The City says nothing about whether there is an administrative exhaustion problem with Green asserting FEHA liability, *see generally Martin v. Lockheed Missiles & Space Co.,* 29 Cal. App. 4th 1718, 1726-28 (1994), so the Court declines to address that unbriefed issue.

### 3. New Defendants: Tuamelie "Tommy" Moala, Brian Henderson, Kent Eickman

There is no good cause to add Moala, Henderson and Eickman as defendants.[4] The only allegation in the proposed amended complaint against Moala and Henderson is that they were aware of Green's harassment and did nothing to stop it. Pr. Am. Complaint, pages 22 and 32. But Green made the same allegation against them on page 19 of his original complaint – using nearly identical language – so there is no reason he could not have added them as defendants by the deadline to amend. The gist of the repeated allegations against Eickman in the proposed amended complaint is that he also knew about Green's harassment and did nothing to stop it, but Green made those same allegations against Eickman in the original complaint. True, now that the

---

[4] The Court disregards the reference to "various SFPUC Human Resources Services personnel" in the caption on the proposed second amended complaint, since a generic reference like that is not sufficient to name anyone in particular as a defendant.

5

proposed amended complaint includes the later time period of November 2017 to February 2018, Eickman is now alleged to have witnessed and done nothing about some additional acts of harassment (e.g., page 31), but that's just more of the same. Green could have added Eickman as a defendant by the deadline to amend, and there is no good cause for him to do so now. *See, e.g.*, *Design Data Corp. v. Unigate Enter., Inc.,* No. 12-CV-04131-WHO, 2014 WL 4477244, at *3 (N.D. Cal. Sept. 11, 2014) (denying leave to amend when parties knew at the end of 2013 the grounds for their motion for leave to amend filed in July of 2014), *aff'd,* 847 F.3d 1169 (9th Cir. 2017).

### 4. Broadened Disability

Green's proposed amended complaint expands his claimed disability to include eye, neck and back strain. *Compare* Pr. Am. Complaint, page 10, *with* Complaint, page 10. The proposed amended complaint states that the "physical disability that caused eye, neck, and back strain result[ed] from watching poor quality sewer videos 8 hours/day 5 days/week at a poor ergonomic work station; while being constantly harassed and retaliated against, isolated, falsely accused, micromanaged, etc." Pr. Am. Complaint, page 10. However, this conduct was specifically alleged in the original complaint (*see, e.g.*, page 15). Green has not shown good cause for not alleging this broadened disability by the November 17, 2017 deadline to amend.

### 5. Lewis Harrison and Douglas Lipps

As in the original complaint, Green lists Lewis Harrison and Douglas Lipps as defendants in the proposed amended complaint. This might seem unexceptional, but there is a problem: Harrison and Lipps were never served with the original complaint that was filed two years ago.

A federal court may exercise personal jurisdiction over a defendant only after the defendant has been served in the manner required by Rule 4 of the Federal Rules of Civil Procedure. *See Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."), *superseded by rule on other grounds as explained in L.H. Carbide Corp. v. The Piece Maker Co.,* 852 F. Supp. 1425, 1430-31 (N.D. Ind. 1994); *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th

6

Cir. 1988) (citation omitted). "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *SEC v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007) (citing *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986)). For a federal court to obtain personal jurisdiction, the Ninth Circuit requires that service of process be in "substantial compliance" with Rule 4 of the Federal Rules of Civil Procedure. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982). A plaintiff is responsible for ensuring that the summons and complaint are served on each defendant within the time required by Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c)(1).

Because Green is proceeding in forma pauperis, he was entitled to have the summons and Complaint in his case served by the United States Marshal. Fed.R.Civ.P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) (The "officers of the court shall issue and serve all process…"). "Although a plaintiff ... proceeding in forma pauperis may rely on service by the Marshal, such plaintiff 'may not remain silent and do nothing to effectuate such service;' rather, '[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge.'" *Jenkins v. Caplan*, No. C02-5603 RMW (PR), 2009 WL 393786, at \*4 (N.D. Cal. Feb. 13, 2009) (quoting *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir.1987)). A plaintiff proceeding in forma pauperis may face dismissal where he fails to request the United States Marshal to serve the necessary parties. *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor,* 515 U.S. 472 (1995).

Here, Green's complaint has been pending for two years, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. *See* Fed.R.Civ.P. 4(m). The Court's staff contacted Green on February 24, 2017 and informed him that they required the names and addresses of all defendants who needed to be served with a summons and a complaint. ECF No. 7. Green responded to that letter, which explicitly asked for the "address(es) of the defendant(s)," and provided specific information only for the City and County of San Francisco and the San Francisco Public Utilities Commission. ECF No. 10. He also wrote "and all its agents involved in their individual and official capacities," but he didn't list any other defendant by name. This was insufficient to constitute a request that the Marshals serve Lipps and Harrison. Accordingly, Green has not shown good cause for the failure to serve Lipps

7

and Harrison with the complaint, and they may not be included as defendants in the amended complaint.

**B.     Rule 15**

With Green having shown good cause to add allegations concerning conduct from November 2017 to February 2018 and for including FEHA as a basis for liability on those allegations, the Court now turns to the Rule 15 analysis. There is no indication of bad faith by Green. He kept the Court and the City appraised of the fact that he was awaiting a right to sue letter and would be seeking to amend his complaint. *Compare Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) ("Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early.").

There was no undue delay on Green's part in amending his complaint. A moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson*, 902 F.2d at 1388. But here, Green did not amend earlier because he was awaiting his right to sue letter.

The City does not argue, and the Court does not find, that there is any undue prejudice to it in allowing Green to amend to allege the new conduct. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted). The City has not opposed these amendments, and the Court already put all parties on notice that it would allow for discovery to reopen as to the new conduct once Green received his right to sue letter and amended his complaint accordingly. Order re: Mot. to Reopen Discovery, ECF No. 83 at 6.

Furthermore, the Court does not find that allowing Green to amend his complaint to include allegations of wrongful termination and harassment would be futile. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). Here, Green enumerates several allegations which he contends led to his wrongful termination, and the Court cannot say at this stage that the allegations are futile.

Finally, Green has not previously amended his complaint, so this factor also weighs in favor of granting the motion. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738.

### V. CONCLUSION

For the foregoing reasons, Green's motion for leave is **GRANTED IN PART AND DENIED IN PART** as described above. Green shall file a first amended complaint in conformity with this order within 30 days. The Court **ORDERS** that discovery in this case is **REOPENED** as to the amendments allowed by this order. The Court **ORDERS** the parties to meet and confer concerning when the fact discovery cutoff should be for this reopened discovery. The parties shall file a letter brief within 14 days stating each side's proposal with a brief explanation. If the parties agree on a date for the close of fact discovery, no explanation is needed. Once the Court receives the letter brief, it will issue a scheduling order for the remainder of this action.

**IT IS SO ORDERED.**

Dated: February 22, 2019

THOMAS S. HIXSON
United States Magistrate Judge